UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                       Case No. 19-13496
Dorothy J. Knight                    Honorable Carol A. Doyle
        Debtor.                          Chapter 13

**AGREED ORDER RESOLVING THE MOTION TO MODIFY STAY FILED BY ALLY FINANCIAL**

At Chicago, Illinois, before the Honorable Carol A. Doyle, Bankruptcy Judge, in the said District and Division.

This matter coming on for hearing upon the motion of Ally Financial, to modify the automatic stay of 11 U.S.C. §362;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Debtor agrees and acknowledges that there is a default in the amount of $7,313.96 (which amount includes attorney fees and costs of $681.00 and arrears of $6,632.96, due from May 2019 through August 2020) due to Ally Financial for the 2014 BUICK LACROSSE, VIN 1G4GB5G33EF152800.

2. That on or before September 10, 2020 the Debtor shall tender the sum of $2,000.00 to Ally Financial by cashier's check or money order.

3. That Ally Financial shall be allowed attorney fees and costs in the amount of $681.00 pursuant to Illinois State law, the retail installment contract dated December 16, 2017, for the 2014 BUICK LACROSSE, VIN 1G4GB5G33EF152800 and in compliance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure without further notice of hearing. That beginning on September 30, 2020, the Debtor shall make the following payments **to** ALLY FINANCIAL by cashier's check or money order and made payable to ALLY FINANCIAL (which amounts represents the September 2020 through February 2021 installment payments on the said vehicle, and six (6) equal monthly payments of $885.66 to cure the remaining default on the account):

    a. $1,300.22 on or before September 30, 2020

    b. $1,300.22 on or before October 30, 2020

    c. $1,300.22 on or before November 30, 2020

    d. $1,300.22 on or before December 30, 2020

    e. $1,300.22 on or before January 30, 2021

    f. $1,300.22 on or before February 28, 2021

4. That if the Debtor fails to make any payment in the manner set forth in paragraphs two (2) and three (3)

herein, or if any payment is returned to Ally Financial for insufficient funds, then the automatic stay shall be immediately modified as to ALLY FINANCIAL, without further notice or hearing, so as to allow it to enforce its rights against the collateral in accordance with state law and the applicable Agreement.

5. That in the event the stay is modified as provided herein, then Federal Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is non-applicable and thus ALLY FINANCIAL may immediately enforce and implement this order.

6. That in the event this case is converted to a chapter 7 or dismissed the parties agree that the terms of this order become null and void.

ENTER:

*/s/ Carl Dole*
Bankruptcy Judge

DATE: September 1, 2020

*/s/ John Ellmann*
Attorney for Debtors
JOHN ELLMANN

James M. Philbrick
Attorney for Ally Financial
Attorney No. 6244743
Law Offices of James M. Philbrick P.C.
P.O. Box 351
Mundelein, Illinois   60060
847/949-5290
Fax: 847/949-5690